**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JOSE SANTIAGO INC.**<br><br>Plaintiff<br><br>v.<br><br>**UNION DE TRONQUISTAS DE PUERTO RICO LOCAL 901**<br><br>Defendant | CIVIL NO.:<br><br>Notice of Removal pursuant to Section 301 of the LMRA<br>Re: Employer's petition to vacate arbitration award issued by Yolando Cotto in Case No. A-25-916 filed in the Court of First Instance of Puerto Rico in San Juan, Civil No. SJ2026CV01487 |

**PETITION OF REMOVAL**

**TO THE HONORABLE COURT:**

**COME NOW** Union de Tronquistas de Puerto Rico Local 901 ("The Union"), through the undersigned attorney, and very respectfully state and pray:

The Union removes this action, now pending in the courts of the Commonwealth of Puerto Rico, First Instance Court, San Juan Part, Case No. SJ2026CV01487, to the United States District Court for the District of Puerto Rico. As grounds for the removal, the Union states as follows:

1.      Plaintiff, Jose Santiago Inc. , is an employer as defined in 29 U.S.C. §152(2) of the LMRA

1

2.      The defendant, *Unión de Tronquistas de Puerto Rico, Local 901*  is a labor organization representing employees in an industry affecting commerce. As such, *Unión de Tronquistas is a* labor organization as defined in 29 U.S.C. §152(5) of the Labor Management Relations Act ("LMRA").

3.      Jose Santiago and the Union are parties to a collective bargaining agreement (hereinafter referred to as the "CBA"), under which the Union filed a grievance to challenge, among other matters, the termination of one of its members, Joshua Rosado (hereinafter referred to as "the grievant"). The grievance was processed to final and binding arbitration in the case of Jose Santiago Inc. and *Unión de Tronquistas de Puerto Rico, Local 901*, Case No. A-25-916.

4.      During the arbitration process, the Union challenged grievant's termination as, according to the Union, it violated the CBA.

5.      On January 26, 2026, the Arbitrator, Yolanda Cotto (hereinafter referred to as the "Arbitrator"), issued an award hereinafter referred to as the "Award"), revoking grievant's termination.

6.      On February 25, 2026, Jose Santiago filed a Petition for Review of the Award in the Courts of the Commonwealth of Puerto Rico, specifically, the First Instance Court, San Juan Part, in the case of Jose Santiago v. Unión de Tronquistas de Puerto Rico, Local 901, SJ2026CV01487. **Copy of the Petition for Review was received by UPS on February 25, 2026.** [1]

7.      By means of its petition, Jose Santiago seeks to set aside and annul the Award in Case No. A-25-916, arguing that the Arbitrator acted incorrectly when revoking grievant's termination.

---

[1] Thus, this Notice of Removal is timely pursuant to 28 U.S.C. §1446, as it is being filed within thirty (30) days of defendant's receipt of the petition.

2

8. Undoubtedly, the Jose Santiago Petition for Review hinges on the interpretation of the CBA because, in order for the Court to determine if it can vacate the Award, it must interpret and analyze the terms of the CBA and determine whether the Arbitrator failed to abide by the terms of the CBA in issuing his Award.

9. Consequently, removal of this civil action is proper as the Court has jurisdiction over this matter pursuant to 29 U.S.C. §185, Section 301 of the Labor Management Relations Act. *See*, Katir v. Columbia University, 821 F. Supp. 900, 901 (S.D.N.Y. 1993), affirmed in 15 F.3d 23 (2nd Cir. 1994) ("An action to vacate an arbitration award falls within" Section 301 of the Labor Management Relations Act, 29 U.S.C. §185); Santiago Sánchez v. Gate Engineering, Corp., 193 F.Supp. 2d 392 (D.C. Puerto Rico 2002); Espino v. Volkswagen de Puerto Rico, 289 F.Supp. 979 (D.C. Puerto Rico 1968). Section 301 of the Labor Management Relations Act allows a "[s]uit for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185 (a). Moreover, a state law claim implicating rights and duties under a CBA is preempted under § 301 if it basically is a claim of rights under the CBA. *See,* Fant v. New England Power Service Co., 239 F.3d 8, 14 (1st Cir. 2001). Section 301 preempts state law claims if they require an interpretation of a collective bargaining agreement. Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 409 (1988).

10. The First Circuit has held that Section 301 preemption exists if "a court, in passing upon the claim, would be required to interpret the collective bargaining agreement. In practice, this test boils down to whether the asserted state-law claim plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement." Filbotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997). Said preemption of state law claims is due because "[t]he possibility that individual contract terms might have different

meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." Teamsters Local 174 v. Lucas Flour Co., 369 U.S. 95, 103 (1985).

11.    Section 301 has "authoritatively been held to grant jurisdiction to the federal courts to determine whether or not an arbitrator, acting pursuant to a collective bargaining agreement, exceeded his authority in making an award." Procter & Gamble Mfg. Co. v. Independent Oil and Chemical Workers, 386 F. Supp. 213, 215 (D.C. Md. 1974). *See also*, Ramos Santiago v. U.P.S., 2006 WL 538813 (D.P.R. 2006) (finding that Section 301 (a) created subject matter jurisdiction over an action to vacate an arbitration award); Santiago Sánchez v. Gate Engineering Corp., 193 F.Supp.2d 392 (D.P.R. 2002); Burns Int'l. Sec. Servs., Inc. v. Int'l Union, 47 F.3d 14 (2nd Cir. 1995).

12.    A case may be removed to federal court if it presents a "claim or right arising under the Constitution, treatises or laws of the United States." 28 U.S.C. § 1441(b). Furthermore, unless otherwise expressly provided by Act of Congress, any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States. 28 USC § 1441(a). Therefore, removal of this civil action is proper.

13.    The only papers, pleadings, or orders that have been served upon the defendant in this case are the Union's Petition for Review, along with its corresponding exhibits. Copy of the petition with its corresponding exhibits are hereby attached in its original Spanish language version as **Exhibit A**.

14.    On this date, UPS will file a motion in the First Instance Court of Puerto Rico, San  Juan Part, informing the state court of the filing of this notice of removal.

4

**WHEREFORE**, UPS gives notice of the removal of this action pursuant to Sections 1441 and 1446 of Title 28, United States Code, and requests that this cause of action proceed before this Court as an action properly removed.

WE HEREBY CERTIFY that on March 27, 2026, a true and exact copy of this document was served via email to: Jose Santiago at **drh@josesantiago.com** and via email to Bureau of Conciliation and Arbitration, Puerto Rico Department of Labor and Human Resources, radicacionesnca@trabajo.pr.gov; and that the same was filed in the First Instance Court, San Juan Part, Case No. SJ2026CV01487

In San Juan, Puerto Rico, this 27th day of March, 2026.

s/ Jorge L. Marchand Heredia
**JORGE L. MARCHAND HEREDIA LAW OFFICE**
Attorney Bar Number:  223712
Attorney for Plaintiff
PO BOX 364273
SAN JUAN, PR 00936-4273
Tel. (787)428-3533
 Fax. (787)524-1208
 E-mail: jorgeluismarchand@gmail.com